# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 10, 2019

LETTER TO COUNSEL

      RE:    *Kimberly B. v. Commissioner, Social Security Administration*;
            Civil No. SAG-16-2519

Dear Counsel:

Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 23. In response, the Social Security Administration ("SSA") asked this Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. ECF 24. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED in part.

On June 21, 2017, this Court awarded Mr. Murahari $4,400.00 for 23.25 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 20-7, 22. Plaintiff subsequently received an Award Notice, in which he was awarded $131,212.00 in past due benefits. ECF 23-2. On March 7, 2019, Mr. Murahari filed a Line in this Court, seeking $32,803.00 in attorney's fees. ECF 23. Mr. Murahari has agreed to reimburse Plaintiff in the amount of fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Murahari and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which he might become entitled. ECF 20-3. In his previous motion for attorney's fees pursuant to the

EAJA, Mr. Murahari submitted an itemized report documenting the 23.25 chargeable hours he expended before this Court in Plaintiff's case. ECF 20-7 (listing a total of 23.75 hours, 0.50 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1410.88 per hour.[1] Mr. Murahari must therefore show that an effective rate of $1410.88 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Murahari's typical hourly billing rate is $300, ECF 20-6 ¶ 6, which, coincidentally, is also top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Murahari's requested rate is between four and five times his hourly rate, and exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals, even to attorneys with more experience. *See, e.g., Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 U.S. Dist. LEXIS 92832 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with effective hourly rate of $1,043.92); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with effective hourly rate of $1,028.14). Hourly rates exceeding $1,000 are the exception, not the rule. While this Court notes Mr. Murahari's effective performance and the substantial past-due benefit award to his client, his request for $32,803.00 for 23.25 hours in this case would result in a windfall. Instead, this Court finds that an award of $23,250.00, amounting to an effective hourly rate of $1000.00—more than triple the top hourly rate for an attorney of Mr. Murahari's experience, would adequately compensate Mr. Murahari for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with effective hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS in part Mr. Murahari's Line seeking attorney's fees, ECF 23. This Court will award Mr. Murahari attorney's fees totaling $23,250.00. Mr. Murahari is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

---

[1] The Commissioner calculates the total fee requested as $28,403.00, and the hourly rate as $1221.63. ECF 24 at 2. While I believe the Commissioner's calculations are erroneous, the end result would remain unchanged, because I would reduce the fee award to the same sum for the reasons stated above.

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2018). Currently, Mr. Murahari has just short of eight (8) years of experience, ECF 20-6, and the presumptively reasonable hourly rate for attorneys admitted to the bar for five (5) to eight (8) years is between $165.00 and $300.00, Loc. R. App. B (D. Md. 2018).

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge